IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTOPHER SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> MARTIN O'MALLEY[1], ) <br> Commissioner of Social ) <br> Security, ) <br> Defendant ) | Case No. 5:18-CV-00705-D |

**ORDER**

Before the Court is Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Doc. No. 28]. Plaintiff's attorney Miles L. Mitzner seeks approval of a fee award in the amount of $27,669.43.

Defendant responded to the motion, setting forth the applicable law and standards but taking no position as to the reasonableness of Plaintiff's request [Doc. No. 29].

In accordance with *Gisbrecht v. Barnhart,* 535 U.S. 789, the Court begins its analysis with the amount stipulated in the contingency fee agreement as its baseline—i.e., 25 percent of $110,677.72, or $27,669.43. *See Russell v. Astrue*, 509 F. App'x 695, 697 (10th Cir. 2013). From this starting point, the record demonstrates "a downward adjustment is...in order" because "the recovery of past-due benefits for the claimant is 'large in

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. O'Malley is substituted for Kilolo Kijakazi as the Defendant in this action.

1

comparison to the amount of time counsel spent on the case.'" *Id.* at 696 (emphasis omitted) (quoting *Gisbrecht*, 535 U.S. at 808).

The Court finds $19,772.50 to be a reasonable fee award under § 406(b), provided Mr. Mitzner refunds to Plaintiff the $5,000 previously awarded as an EAJA fee award [*See* Doc. No. 25]. This amount represents a reasonable hourly rate for the attorney ($300) multiplied by the number of attorney hours (24.75) and a multiplier of 2.5 for an attorney total of $18,562.50, and a reasonable hourly rate for the paralegal ($110) multiplied by the number of paralegal hours (4.4) and a multiplier of 2.5 for a paralegal total of $1,210.00.[2]

Mr. Mitzner contends that his requested award is not a windfall. He argues that the challenges inherent to his specialization and *Fields v. Kijakazi*, 24 F.4th 845, 849 (2nd Cir. 2022) counsel in favor of granting the award.

The Court is mindful of the challenges inherent to the practice of social security law. A multiplier of 2.5 is therefore appropriate to encourage practitioners to take such cases and to provide for actions that are not successful.

The Court further agrees that *Fields* provides persuasive guidance. As the Second Circuit wrote, before a district court may find a contingency agreement unreasonable

---

[2] The Court is not herein adopting a lodestar method to calculate fees. Rather, it is using the above calculation as a crosscheck on the fee otherwise indicated by the contingent fee contract. The approach is consistent with *Gisbrecht*. *See Martinez v. Berryhill*, 699 Fed. Appx. 775, 779 (10th Cir. 2017); *Russell*, 509 Fed. Appx. 695 (10th Cir. 2013); *Scherffius v. Astrue*, 296 Fed. Appx. 616 (10th Cir. 2008).

"solely on the grounds that the amount requested is a windfall, it must first be truly clear that the fee is unearned by counsel." *Id.* Such is the case here. Mr. Mitzner's requested award would represent an almost $950 per cumulative-hour rate ($27,669.43 ÷ (24.75+4.4) ≈ $949.21 / hour). Such a rate constitutes a windfall and is unjustified.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) With Supporting Memorandum [Doc. No. 28] is **GRANTED** in part and **DENIED** in part. The Court approves an award of attorney fees under 42 U.S.C. § 406(b) to be paid by Defendant to attorney Miles L. Mitzner in the amount of $19,772.50. Upon payment of this amount, Plaintiff's attorney shall promptly refund to Plaintiff Kristopher Smith the amount of the previous EAJA fee award of $5,000.

**IT IS SO ORDERED** this 20th day of December, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge